IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDRICK LYNN CAIN, | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 3:18-cv-3048-L (BT) |
| | § | No. 3:16-cr-0026-L (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny the motion.

I.

Movant pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count One), and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Two). Movant also had three prior Texas convictions for possession of cocaine with intent to deliver and one prior Texas conviction for delivery of cocaine. The District Court determined that under

1

the Armed Career Criminal Act (ACCA) those convictions were "serious drug offenses" within the meaning of 18 U.S.C. § 924(e), which resulted in an enhanced sentence. Accordingly, the Court sentenced Movant to 192 months on Count One and 36 months on Count Two, to run concurrently. The Fifth Circuit affirmed Movant's conviction and sentence. *United States v. Cain*, 877 F.3d 562 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1579 (2018). Movant then filed his § 2255 motion, in which he argues his sentence enhancement was unlawful because his prior state convictions did not qualify as serious drug offenses under 18 U.S.C. § 924(e).

II.

Movant argues he did not qualify for the ACCA enhancement because his Texas drug convictions under Texas Health & Safety Code § 481.112(a) do not qualify as "serious drug offenses" under 18 U.S.C. § 924(e). However, Movant raised this claim on direct appeal, arguing the Supreme Court's decisions in *United States v. Johnson*, 135 S. Ct. 2251 (2015) and *Torres v. Lynch*, 136 S. Ct. 1619 (2016), supported his claim that the enhancement was improper. The Fifth Circuit disagreed, stating that *Johnson* invalidated the violent felonies portion of the ACCA's residual clause but did not invalidate the "serious drug offense" portion of the clause. *See Cain*, 877 F.3d at 563. Further, the Fifth Circuit determined that the *Torres* decision, which

analyzed whether a state offense was an aggravated felony under the Immigration and Nationality Act, did not undermine the validity of Movant's enhancement. *Id.*

Here, Movant relies on the Supreme Court's decision in *United States v. Mathis*, 136 S. Ct. 2243 (2016), and the Fifth Circuit's decisions in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), to argue that Texas Health & Safety Code § 481.112(a) is broader than the definition of a "serious drug offense" under § 924(e) and therefore his state convictions do not qualify for the enhancement. His claim is unavailing.

In *Mathis*, the Supreme Court outlined the process under the ACCA to determine if a defendant's prior state court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). In both *Tanksley* and *Hinkle*, the Fifth Circuit applied *Mathis* to hold that a conviction under § 481.112(a) of the Texas Health and Safety Code did not qualify as a "controlled substance offense" for the purpose of the career offender enhancement found at § 4B1.1 of the United States Sentencing Guidelines. *See Tanksley*, 848 F.3d at 352, *Hinkle*, 832 F.3d at 576-77.

The cases Movant cites do not entitle him to relief. *Tanksley* and *Hinkle* both analyzed whether § 481.112(a) qualified as a controlled

3

substance offense under the career offender provision of the sentencing guidelines. Here, Movant argues his convictions under § 481.11(2) do not qualify as serious drug offenses under § 924(e). The Fifth Circuit has made clear, however, that a conviction under § 481.112(a) qualifies as a serious drug offense under § 924(e). *See United States v. Vickers*, 540 F.3d 356, 366 n.3 (5th Cir. 2008) (stating "that an offense could be found to satisfy the ACCA requirements, while the same offense would not be sufficient to trigger an enhancement under the Sentencing Guidelines."); *see also United States v. Alexander*, 776 F. App'x 860, 861 (5th Cir. 2019) (per curiam) (holding the argument that § 481.112(a) does not qualify as a serious drug offense under § 924(e) is foreclosed by *United States v. Cain*, 877 F.3d 562 (5th Cir. 2017) and *United States v. Vickers*, 540 F.3d 356 (5th Cir. 2008)); *United States v. Yarbrough*, No. 18-11138, 770 F. App'x 214, 214 (5th Cir. 2019) (per curiam) (same). Movant's § 2255 motion should therefore be denied.

### III.

For the foregoing reasons, the Court should deny the § 2255 motion with prejudice.

Signed October 28, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).