IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDRICK LYNN CAIN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-cv-3048-L** |
| | § | (Criminal Action No. 3:16-cr-0026-L) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

On October 28, 2019, United States Magistrate Judge Rebecca Rutherford entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 9), recommending that the court deny with prejudice pro se Movant Fredrick Lynn Cain's ("Movant") motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 2). On November 19, 2019, Movant filed his Objections (Doc. 10).

Movant objects to the Report and reasserts that his sentence enhancement under 18 U.S.C. § 924(e) was unlawful because his prior state offenses did not qualify as serious drug offenses as contemplated by the statute. Specifically, he asserts that the Magistrate Judge's reliance on *United States v. Vickers*, 540 F.3d 356 (5th Cir. 2008), and *United States v. Yarbrough*, F. App'x 214 (5th Cir. 2019) are in conflict with the Supreme Court's ruling in *United States v. Mathis*, 136 S. Ct. (2016), and the Fifth Circuit's rulings in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017). The Magistrate Judge addressed each of these cases in her Report. She further noted that Movant raised this same argument on direct appeal, relying on two other Supreme Court cases, and the Fifth Circuit affirmed his conviction and sentence. Additionally, the Fifth Circuit held that "[a] conviction under Section 481.112(a)

Order – Page 1

qualifies for the ACCA enhancement under § 924(e)." *United States v. Cain*, 877 F.3d 562 (5th Cir. 2017) (citing *Vickers*, 540 F.3d 356; and *United States v. Winbush*, 407 F.3d 703 (5th Cir. 2005)).

After careful consideration of the pleadings, file, record, Report, and applicable law, and having conducted a de novo review of the portions of the Report to which objections were made, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **overrules** Movant's Objections (Doc. 10), **denies** his motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 2), and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report. In the event that

---

*Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 31st day of January, 2020.

Sam A. Lindsay
United States District Judge